OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Roderick J. James, filed July 14, 2005. James appeals the grant of summary judgment in favor of Appellee Capital One Bank ("Capital One") in the amount of $1,073.47. Capital One filed a Complaint against James on October 18, 2004, claiming that he owed $1,106.67 on a credit card account. On December 27, 2004, Capital One served James with requests for admissions, interrogatories and a request for production of documents. James did not respond initially. On January 6, 2005, Capital One filed a second request for admissions. On March 14, Capital One filed a Motion to Compel, and the trial court entered an Entry and Order Compelling Discovery on March 18, 2005. Also on March 18, 2005, Capital One filed a Motion for Summary Judgment. On April 11, James filed responses to Capital One's first request for admissions and interrogatory responses. James did not respond to the second request for admissions. The trial court held a hearing on the Motion for Summary Judgment on June 9, 2005, and then ruled in favor of Capital One due to James' failure to respond to the second requests for admissions.
 {¶ 2} James failed to provide this Court with a transcript of the oral hearing on the motion for summary judgment. App. R. 9(A) provides that "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy to the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases." App. R. 9(B) imposes a duty on Mr. James to provide a transcript of the proceedings in which the evidence was presented to the trial court. "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." Yocum v. Means, Darke App. No. 1576, 2002-Ohio-3803. A litigant proceeding pro se "cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter." Id. (Internal citations omitted). Without a transcript we must indulge the presumption of regularity of the proceedings before the trial court.
 {¶ 3} James did not deny in response to the first requests for admissions that he maintained an account with Capital One. He stated therein that "[d]emanding that I state that this is my account when there is a possibility of error is unethical." The requests contained in the second requests for admissions pertained to the following facts: (1) James maintained an account with Capital One; (2) James purchased merchandise on the account; (3) James received statements regarding the amounts due and owing on the account; (4) the account records indicate all things purchased by James; (5) the bill upon which the principal balance due was computed is accurate; (6) James is not entitled to any credits or offsets except for those shown on Capital One's records; (7) James has no defenses; (8) interest is due.
 {¶ 4} In the absence of a genuine issue of material fact, Capital One was entitled to judgment against James on the credit card debt. Civ. R. 36(A) requires that a party to whom requests for admissions have been directed must answer or object, in writing, within a designated time period. "`Unanswered requests for admission render the matter requested conclusively established for the purpose of the suit, * * * and a motion for summary judgment may be based on such admitted matter.'" GreatSeneca Financial Corp. v. Lee, Montgomery App. No. 31134,2006-Ohio-2123 (Internal citations omitted). The consequence of James' failure to respond to the second requests for admissions was that there was no genuine issue as to the validity of Capital One's claim. The trial court did not err in granting summery judgment in favor of Capital One. Judgment affirmed.
 . . . . . . . . . .
Brogan, J. and Fain, J., concur.