OPINION
{¶ 1} Plaintiff-appellant, Dahir Farah, appeals from a judgment of the Franklin County Municipal Court granting summary judgment to defendants-appellees, Columbus Public Schools and Stanley Chatman (collectively referred to as "appellees"). For the following reasons, we affirm that judgment.
 {¶ 2} On February 25, 2005, appellant was driving his car when he collided with a Columbus Public School bus, driven by Chatman, at the intersection of Redwood Road and Sandalwood Place in Columbus, Ohio. Appellant was injured and his car sustained damages as a result of the collision. On July 8, 2005, appellant filed a complaint against the appellees, alleging damage as a result of their negligence. *Page 2 
 {¶ 3} On September 14, 2005, appellees' counsel served on appellant requests for admission pursuant to Civ.R. 36.[1] Among the requests, appellees requested appellant to admit that at the time of the collision, he failed to stop at the intersection of Redwood Road and Sandalwood Place as directed by the stop sign, and that his failure to stop and yield to traffic traveling on Sandalwood Place caused the collision. Responses to those requests were due by October 17, 2005. Apparently, appellant did not respond to the requests for admissions, because on November 4, 2005, appellees' counsel wrote a letter to appellant's counsel seeking the responses. The letter noted that appellees already provided appellant with one extension, until October 27, 2005, to complete the requested discovery. The letter warned appellant that appellees may file a motion to have the admissions deemed admitted if appellant did not respond to the requests by November 10, 2005.
 {¶ 4} On December 9, 2005, appellees' counsel again wrote a letter to appellant's counsel to express concern that appellant had not provided responses to their discovery requests. The letter requested those responses by December 23, 2005. The letter also noted that counsel considered its requests for admissions overdue and, therefore, admitted. Appellees reserved the right to file a motion with the court to have the admissions confirmed.
 {¶ 5} Having heard nothing from appellant's counsel, appellees filed a motion on December 29, 2005 to confirm the admissions. On February 3, 2006, appellant filed a memorandum in opposition to appellees' motion. In that memorandum, appellant's counsel indicated that she had surgery on November 2, 2005 and that she was not released from her doctor's care until December 22, 2005. She attempted to return to *Page 3 
work in November but was under the influence of pain medication and could not work effectively until January 2006. Appellant's counsel also claimed that she responded to appellees' discovery requests on January 19, 2006. By a judgment entry dated February 8, 2006, the trial court granted appellees' motion to confirm admissions.
 {¶ 6} Appellees moved for summary judgment based on appellant's confirmed admissions. Specifically, appellees argued that as a result of the admissions, appellant admitted that he failed to stop at a stop sign and that this failure caused the accident. Therefore, appellees asserted that they were entitled to judgment as a matter of law. The trial court agreed and granted summary judgment in appellees' favor.
 {¶ 7} Appellant appeals and assigns the following errors:
 [I]. THE TRIAL COURT ERRED, AS A MATTER OF LAW, TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY GRANTING DEFENDANTS-APPELLEES' SUMMARY JUDGMENT MOTION PURSUANT TO RULE 56 OF THE OHIO RULES OF CIVIL PROCEDURE WHEN THERE IS A GENUINE ISSUE OF MATERIAL FACT.
 [II]. THE TRIAL COURT ERRED, AS A MATTER OF LAW, TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT GRANTED [SIC] A SUMMARY JUDGMENT TO THE DEFENDANTS-APPELLEES WITHOUT CONSIDERING THE EXCUSABLE NEGLECT AND INADVERTENCE OF COUNSEL AND PLAINTIFF-APPELLANT IN SUBMITTING ANSWERS TO ADMISSIONS AFTER THE DUE DATE BECAUSE OF UNFORSEEN CIRCUMSTANCES.
 [III]. THE TRIAL COURT ERRED, AS A MATTER OF LAW, TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS-APPELLEES WITHOUT TAKING IN CONSIDERATION PLAINTIFF-APPELLANT'S EYE-WITNESS TO DEFENDANTS-APPELLEES' NEGLIGENCE AND BREACH OF DUTY IN CAUSING PERSONAL INJURIES AND DAMAGES TO PLAINTIFF-APPELLANT.
 [IV]. THE TRIAL COURT ERRED, AS A MATTER OF LAW, TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT IN GRANTING SUMMARY JUDGMENT TO THE *Page 4 
DEFENDANTS-APPELLEES UPON THE BELIEF THAT PLAINTIFF-APPELLANT FAILED TO RESPOND TO REQUEST FOR ADMISSIONS.
 {¶ 8} Appellate review of summary judgment motions is de novo.Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1 ) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 9} For ease of analysis, we first address appellant's second and fourth assignments of error, which are interrelated. Both of these assignments of error challenge the trial court's grant of summary judgment based on appellant's failure to timely respond to appellees' requests for admission. We note that appellees requested appellant to admit he failed to stop at the intersection of Redwood Road and Sandalwood Place as directed by a stop sign, and that his failure to stop and yield to traffic traveling on Sandalwood Place caused the accident. These deemed admissions were the basis for the trial court's grant of summary judgment for appellees. It is well-established that when requests for admissions are served upon a party, that party must timely respond either by objection or answer. Failure to do so will result in the deemed admission of the matters requested to be admitted. Civ. R. 36(A). Any matter admitted is conclusively established unless the trial court permits withdrawal or amendment of the admission pursuant to Civ. *Page 5 
R. 36(B). Cleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66, 67. A motion for summary judgment may be based on a party's unanswered requests for admissions. Capital One Bank v. James, Montgomery App. No. 21163, 2006-Ohio-3190, at ¶ 4; Albrecht, Inc. v. Hambones Corp., Summit App. No. 20993, 2002-Ohio-5939, at ¶ 27.
 {¶ 10} Appellant first contends that the trial court erred when it deemed the requests for admission admitted even though he responded to the requests on January 19, 2006.[2] First, we note that nothing in the record supports appellant's allegation that the responses were ever submitted. Second, assuming appellant did respond on January 19, 2006, the response was not timely. The admissions already were deemed admitted. Civ.R. 36 is self-enforcing, and the failure to timely respond to requests for admissions results in admissions. Gwinn v. Dave DennisVolkswagen (Feb. 8, 1988), Greene App. No. 87-CA-56; Sciranka v. HobartInternatl., Inc. (Sept. 4, 1992), Miami App. No. 91 CA 61; Hoffman v.Mayse (Sept. 20, 1995), Wayne App. No. 95 CA 0006. Once a party fails to timely respond to the requests for admissions, the defaulted admissions become facts, and a motion seeking confirmation of those admissions is not necessary, although as a practical matter, such a motion brings the substance of the admissions to the trial court's attention and makes the admissions part of the record. See Natl. City Bank, NE v. Moore (Mar. 1, 2000), Summit App. No. 19465; Vilardo v. Sheets, Clermont App. No. CA2005-09-091, 2005-Ohio-3473, at ¶ 21-22; Natl. Mut. Ins. Co. v.McJunkin (May 3, 1990), Cuyahoga App. No. 58458 (motion to deem matters admitted superfluous). Appellant's responses to appellees' requests were initially due on or about October 17, 2005. After two extensions, they were to be completed by *Page 6 
December 23, 2005. Appellant failed to respond by any of these dates. Thus, appellees' requests for admissions were deemed admitted. Appellant's alleged tardy response did nothing to change this result.
 {¶ 11} Appellant also contends that the trial court should have allowed his untimely responses due to his counsel's medical condition and the difficulty they had communicating with each other. Appellant alleges he is not a United States citizen and does not speak English well. We recognize that under compelling circumstances a trial court may permit untimely responses to avoid the admissions. Cleveland TrustCo., supra, at 67. It is within the trial court's discretion whether or not to accept the filing of late admissions. Aetna Cas. Sur. Co. v.Roland (1988), 47 Ohio App.3d 93, 95. A trial court may also allow the withdrawal of admissions. Civ.R. 36(B). That decision is also within the discretion of the trial court. Szigeti v. Loss Realty Group, Lucas App. No. L-03-1160, 2004-Ohio-1339, at ¶ 19. Accordingly, an appellate court is not to disturb a trial court's decision in this regard unless the trial court abused its discretion. In order to find an abuse of discretion, the trial court's decision must be found to have been unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} In his memorandum opposing the confirmation of appellees' requests for admissions, appellant's counsel informed the trial court that she was unable to respond to the requests for admissions because she had surgery on November 2, 2005 and was not in a physical or mental state to work effectively or to competently timely respond to the request for admissions. Counsel also claimed to have difficulty communicating with appellant. *Page 7 
 {¶ 13} The responses to appellees' requests for admissions were first due on or about October 17, 2005. Appellees' counsel agreed to an extension of that date, until October 27, 2005, for appellant to provide responses. Both of these dates were before appellant's counsel had surgery on November 2, 2005. This provided appellant's counsel with plenty of time to prepare responses to the admissions. She failed to do so. Additionally, she failed to ask the trial court for a protective order or other relief from the duty of responding to the admissions, such as an extension of time. See Cleveland Trust, at 67 (attorney's illness did not provide justification for tardy responses; attorney could have requested protective order or extension). Nor did counsel ever ask for permission to file untimely responses to appellees' requests or for the trial court to withdraw the confirmed admissions.State ex rel. Schmardebeck v. Bay Twp. Bd. of Trustees (Dec. 30, 1993), Ottawa App. No. 93OT012. Finally, appellant's counsel was obviously aware from the beginning of her representation of appellant that she may have difficulty communicating with him. Counsel agreed to represent him but apparently took no steps to remedy the communication problem and did not ask for any extensions of time either before or after her surgery. The trial court did not abuse its discretion by not accepting appellant's late responses to appellees' requests for admissions — assuming appellant submitted the responses. We also note that appellant never moved for the trial court to accept an untimely response or to withdraw the admissions pursuant to Civ.R. 36(B).
 {¶ 14} Appellant's second and fourth assignments of error are overruled.
 {¶ 15} Appellant's first and third assignments of error both contend that the trial court improperly awarded summary judgment because genuine issues of material fact *Page 8 
remained.[3] He contends that an independent eyewitness stated in an affidavit that appellees' bus caused the accident by sliding into appellant's lane of traffic. Appellant argues that this affidavit creates a genuine issue of material fact as to the cause of the accident, making summary judgment inappropriate. We disagree.
 {¶ 16} The failure to respond to requests for admission results in the requested matters being conclusively established. Civ.R. 36(B). Appellant cannot challenge matters already conclusively established, due to his failure to respond to requests for admissions, by submitting contradictory affidavits. Moore, supra; Windsor v. Ridge Electric Co.,Inc. (Feb. 2, 1998), Stark App. No. 97CA0129; PDL Servs., Inc. v.Eastern Well Surveys, Inc. (Dec. 6, 1999), Stark App. No. 1999CA00168. His admissions conclusively established that he caused the accident, thereby defeating his negligence claim. Thus, appellees were entitled to judgment as a matter of law, and the trial court did not err by granting summary judgment based on appellant's admissions, notwithstanding his attempt to create a genuine issue of material fact by submitting affidavits contradicting those admissions. Appellant's first and third assignments of error are overruled.
 {¶ 17} In conclusion, the trial court properly granted summary judgment based on facts conclusively established by appellant's failure to timely respond to appellees' requests for admissions. Accordingly, appellant's four assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
PETREE and BROWN, JJ., concur.
[1] Appellees' counsel also served Interrogatories and Request for Production of Documents.
[2] Appellant also claims that his responses were properly submitted before the court's deadline of March 15, 2006. That date, however, was the trial court's discovery deadline and not a deadline for appellant to file his responses to the admissions.
[3] Appellant also discusses the standard for granting a Civ.R. 60(B) motion in his first assignment of error. Appellant, however, did not file such a motion. *Page 1