OPINION
{¶ 1} Defendant-appellants, Industrial Power Generation, Ltd., and Robert J. Harton, appeal the judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of plaintiff-appellee, JPMorgan Chase Co. For the following reasons, we affirm the decision of the court below.
 {¶ 2} Harton is the owner of Industrial Power Generation, a limited liability company with its principal place of business in Warren, Ohio. In March 2004, Industrial *Page 2 
Power Generation opened a Basic Business Checking Account with Bank One, N.A., now JPMorgan Chase Co.
 {¶ 3} On February 9, 2005, Harton made three wire transfers from the Industrial Power Generation account in the amount of $2,500 to Rino KK Compression, Ltd., $15,500 to Diesel Engine and Parts Co., and $53,000 to Daniel Mensah OSEI. As a result of the wire transfers totaling $71,000, the account was overdrawn in the amount of $67,500.
 {¶ 4} On April 6, 2006, Chase filed suit against Harton and Industrial Power Generation, asserting claims for Unjust Enrichment, Breach of Contract, and Liability of Indorser/Depositor.
 {¶ 5} The complaint alleged that on February 7, 2005, Harton deposited a check for $83,000 made payable to Industrial Power Generation, either by mail and/or through an ATM. The check was drawn on an account in the name of Marshall Goldman Motor Sales Leasing, Inc., and issued from the Huntington National Bank. On February 9, 2005, Harton effected wire transfers from the Industrial Power Generation account in the amount of $71,000. On February 10, 2005, Bank One was notified that the check was being returned unpaid as a counterfeit check.
 {¶ 6} On August 23, 2006, Chase served Industrial Power Generation with a Request for Admissions, including the following specific requests:
 {¶ 7} "1. Admit that [Industrial Power Generation's] account was governed by [Bank One's] Account Rules and Regulations.
 {¶ 8} "2. Admit that you deposited the Check [from Marshall Goldman for $83,000] into [Industrial Power Generation's] account. *Page 3 
 {¶ 9} "3. Admit that you requested a wire transfer to Rino KK Compression, Ltd. in the amount of $2500.00
 {¶ 10} "4. Admit that you requested a wire transfer to Diesel Engine and Parts Co., Inc. in the amount of $15,500.00
 {¶ 11} "5. Admit that you requested a wire transfer to Daniel Mensah OSEI in the amount of $53,000.00
 {¶ 12} "6. Admit that you did not have sufficient funds in your account to cover the wire transfer to Rino KK Compression, Ltd.
 {¶ 13} "7. Admit that you did not have sufficient funds in your account to cover the wire transfer to Daniel Mensah OSEI.
 {¶ 14} "8. Admit that you did not have sufficient funds in your account to cover the wire transfer to Diesel Engine and Parts Co., Inc.
 {¶ 15} "9. Admit that you owe Plaintiff the sum of $67,500.00 plus interest since February 10, 2005.
 {¶ 16} "11. Admit that at the time [Industrial Power Generation] deposited the Check into [Industrial Power Generation's] account, it knew the Check was fraudulent.
 {¶ 17} "12. Admit that at the time [Industrial Power Generation] requested the wire transfers to Rino KK Compression, Ltd., Daniel Mensah OSEI, and Diesel Engine and Parts Co., Inc., it knew that it would not have sufficient funds to cover the wire transfers."
 {¶ 18} Neither Industrial Power Generation nor Harton filed any response to Chase's Request for Admissions. *Page 4 
 {¶ 19} On October 19, 2006, Chase filed a Motion for Summary Judgment on its Breach of Contract and Unjust Enrichment claims and Motion to have Request for Admission Deemed Admitted Pursuant to Civ.R. 36. In support of its motion for summary judgment, Chase deemed its Request for Admissions as "admitted" by virtue of appellants' failure to respond within the time prescribed by Civil Rule 36(A). Chase also submitted the affidavit of Cheryl A. Cimperman, "Vice President, Fraud Recovery Manager," which substantiated the allegations made in the complaint and set forth above. Finally, Chase submitted an authenticated copy of Bank One's Account Rules and Regulations. These regulations provide, in relevant part: "Items deposited into your Account, including checks, drafts and automated clearinghouse ("ACH") entries, may be charged back against your Account or any other account of yours at Bank One if the Bank is informed that your deposit is being returned unpaid, or such items are returned to the Bank for any reason, without regard to whether such return is timely, or for any reason final payment is not received. * * * If the Bank pays an item or honors your request that overdraws your Account, you agree to pay the amount of the overdraft together with any fee and accrued interest immediately upon demand at the Bank's offices * * *."
 {¶ 20} Appellants filed a Response in Opposition to Plaintiff's Motions for Summary Judgment and Motion to Have Requests for Admissions Deemed Admitted Pursuant to Civ.R. 36. Appellants asserted there were "justifiable circumstances" excusing their failure to respond to the Request for Admissions. In support, Harton submitted an affidavit, which states: "I have been ill since late September, 2006. I have *Page 5 
had headaches, chronic coughing and flu-like system [sic]. As a result of same I have been unable to make any scheduled appointments with my attorney."
 {¶ 21} Harton also denied, by affidavit, depositing a check in the Bank One account on February 7, 2005, or having any knowledge about such a deposit. Harton swore that he was informed, by a company he was dealing with from the United Arab Emirates, that money was being wired into Industrial Power Generations' account as down payment on a generator set. Thereafter, Harton confirmed the deposit of $83,000 into his account. The company from the United Arab Emirates then contacted Harton and informed him that they had overpaid on the down payment by $53,000 and requested the return of this money. Harton complied with the request by wiring the money on February 9, 2005, at which time he also wired money to his creditors, Rino, and Diesel Engine and Parts. Harton concluded that, since a genuine issue of material fact exists whether he made the alleged deposit of $83,000, Chase's motions for summary judgment must be denied.
 {¶ 22} On February 5, 2007, the trial court deemed as admitted Chase's unanswered Request for Admissions and granted summary judgment in its favor. This appeal timely follows.
 {¶ 23} On appeal, appellants raise the following assignment of error: "The trial court erred to the prejudice of appellants in holding they were in breach of appellee's account rules and regulations when said bank violated the most perfunctory of sound business practices."
 {¶ 24} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, *Page 6 
(2) "[t]he moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision. Brown v. Cty. Commrs. of Scioto Cty. (1993),87 Ohio App.3d 704, 711 (citation omitted).
 {¶ 25} Appellants set forth two arguments under their assignment of error. The first is that Harton's failure to respond to Chase's request for admissions was the result of "severe mental and physical illness" of which counsel for appellee was regularly informed. Thus, it was error for the court to deem "admitted" Chase's request for admissions. The second is that the evidence demonstrates Chase cashed an unendorsed, out-of-town check for $83,000 without placing any hold on the check until payment was confirmed in violation of its Account Rules and Regulations. Accordingly, summary judgment was improperly granted on Chase's Breach of Contract claim.
 {¶ 26} Ohio's Rules of Civil Procedure provide as follows regarding requests for admissions: "A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) [defining the scope of discovery] set forth in the request, that relate to statements or opinions of fact or of the application of law to fact, including the *Page 7 
genuineness of any documents described in the request. * * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Civ.R. 36(A). "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Civ.R. 36(B).
 {¶ 27} Construing this rule, the Ohio Supreme Court has stated that "[f]ailure to respond at all to the requests [for admissions] will result in the requests becoming admissions" which "can be used to establish a fact, even if it goes to the heart of the case."Cleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66, 67. FollowingWillis, this court has held "[r]equests for admissions conclusively establish facts for the purpose of the pending action. * * * Further, unanswered requests for admissions are a written admission fulfilling the requirements for summary judgment, pursuant to Civ.R. 56." Balli v.Zukowski, 11th Dist. 2004-G-2560, 2004-Ohio-6702, at ¶ 36 (citation omitted); accord, Mayer v. Medancic, 11th Dist. Nos. 2000-G-2311, 2000-G-2312, and 2003-G-2313, 2001-Ohio-8784, 2001 Ohio App. LEXIS 5863, at *22 (citation omitted); State Farm Fire Cas. Ins. Co. v. Kall
(March 31, 2000), 11th Dist. No. 98-G-2203, 2000 Ohio App. LEXIS 1402, at *15 (finding the rule regarding the failure to respond to a request for admissions "unequivocal") (citation omitted).
 {¶ 28} The Supreme Court also held, however, "[u]nder compelling circumstances, the court may allow untimely responses to avoid the admissions." Willis, *Page 8 20 Ohio St.3d at 67. "It is within the trial court's discretion whether or not to accept the filing of late admissions." Farah v. Chatman, 10th Dist. No. 06AP-502, 2007-Ohio-697, at ¶ 11, citing Aetna Cas. Sur. Co.v. Roland (1988), 47 Ohio App.3d 93, 95; Grano v. Mentor, 11th Dist. No. 2005-L-185, 2006-Ohio-6104, at ¶ 16 (citations omitted).
 {¶ 29} In the present case, Chase served its Request for Admissions upon appellants on August 23, 2006, to be answered within twenty-eight days of service. Appellants never responded to Chase's request. In their brief in opposition to summary judgment, appellants claimed the failure to respond was due to the fact that Harton had been ill since "late September, 2006," with headaches, chronic coughing, and "flu-like" symptoms. Given these facts, the trial court did not abuse its discretion by rejecting appellants' excuse for failing to respond and by deeming the requested admissions admitted.
 {¶ 30} Initially, we note that Harton's affidavit claims that he was ill since late September, but Chase's requests were served on August 23. Thus, any illness developing in late September would have no bearing on Harton's ability to respond to admissions during late August and early September.
 {¶ 31} Moreover, it is not an abuse of discretion to find that Harton's headaches, chronic coughing, and flu-like symptoms did not constitute "compelling circumstances" excusing his failure to respond. In this respect, we note the similarity between the facts of the present case and the facts of the Willis case. In Willis, the appellant argued "that illness prevented his timely response [to a request for admissions]." 20 Ohio St.3d at 67. The Supreme Court noted that the appellant, like Harton and Industrial Power Generation herein, failed to request an extension of time to respond, move for a *Page 9 
protective order, "or otherwise request relief from the duty of responding to these requests for admissions." Id. "In such circumstances we do not see how [appellant's] illness presented a substantial reason for not responding earlier." Id. at 68.
 {¶ 32} Appellants cite two cases for the proposition that a failure to answer a request for admission is not a "written admission" upon which summary judgment may be granted. Sciranka v. Hobart Internatl.,Inc. (Sept. 4, 1992), 2nd Dist. No. 91 CA 61, 1992 Ohio App. LEXIS 4515, and B B Heating Air Conditioning Co., Inc. v. Horvath (Nov. 20, 1992), 11th Dist. No. 92-L-031, 1992 Ohio App. LEXIS 5878. TheSciranka case does not support appellants' position. InSciranka, appellee moved for summary judgment based primarily on "deemed admissions" under Civ.R. 36(B). The court of appeals rejected the argument appellants now raise: "An admission made by a failure to respond to a request for an admission and evidenced by a writing is considered a `written admission' under Civ.R. 56(C) and is competent evidence to support a motion for summary judgment under Civ.R. 56(C)." 1992 Ohio App. LEXIS 4515, at *11, citing T S Lumber Co. v. AltaConstr. Co. (1984), 19 Ohio App.3d 241, 244. See, also, Kondrat v.Martinet (Oct. 15, 1982), 11th Dist. No. 9-022, 1982 Ohio App. LEXIS 13407, at *6-*8 (affirming a grant of summary judgment based upon default admissions).
 {¶ 33} In Horvath, this court held "the implied admission that flowed from appellee's failure to respond to a Civ.R. 36 Request for Admissions may not be used to support appellant's motion for summary judgment because it was not a `written admission.'" 1992 Ohio App. LEXIS 5878, at *5, citing Carroll v. Lucas (1974), 39 Ohio Misc. 5, 6. *Page 10 
 {¶ 34} We find this court's position in Horvath to be inconsistent with the pronouncement of the Ohio Supreme Court in Willis that "[a]ny matter admitted under Civ.R. 36 is conclusively established,"20 Ohio St.3d at 67, as well as other decisions of this court which have allowed summary judgment to be granted based on default admissions. See Balli, 2004-Ohio-6702, at ¶ 37; Kondrat, 1982 Ohio App. LEXIS 13407, at *6-*8. Moreover, the position that an admission pursuant to Civ.R. 36(B) is not a "written admission" for the purposes of summary judgment has been expressly rejected by many courts in other districts. See T SLumber, 19 Ohio App.3d at 242-244 (providing a well-reasoned and thorough analysis of the issue); accord, Bank of New York v.Jordan, 8th Dist. No. 88619, 2007-Ohio-4293, at ¶ 34; L. E. SommerKidron, Inc. v. Kohler, 9th Dist. No. 06CA0044, 2007-Ohio-885, at ¶ 45;Brown v. Weidner, 3rd Dist. No. 13-06-08, 2006-Ohio-6852, at ¶ 26;Marafiote v. Kulow (Sept. 29, 1995), 7th Dist. No. 93 C.A. 255, 1995 Ohio App. LEXIS 4376, at *5-*6. Finally, the Horvath decision is the only appellate decision of which we are aware to have adoptedCarrolls position on the use of deemed admissions for summary judgment.
 {¶ 35} For the foregoing reasons, we decline to follow Horvath. The matters deemed admitted by virtue of appellants' failure to respond to Chase's request for admissions are competent evidence to support a motion for summary judgment.
 {¶ 36} As noted above, the matters deemed admitted are that Harton deposited the check for $83,000 into the Industrial Power Generation account knowing that the check was fraudulent, that Harton transferred funds from the account despite the account having insufficient funds to cover the transfers, and that Harton/Industrial Power Generation owe Chase the unrecovered sum of $67,500 plus interest. As these *Page 11 
facts are conclusively established, the trial court properly granted summary judgment in Chase's favor.
 {¶ 37} Appellants' final argument relies upon the affidavit, submitted in opposition to Chase's motion for summary judgment, wherein Harton denies depositing or having knowledge of the fraudulent check for $83,000. This argument is unavailing. "Appellant cannot challenge matters already conclusively established, due to his failure to respond to requests for admissions, by submitting contradictory affidavits."Farah, 2007-Ohio-697, at ¶ 16, citing Natl. City Bank v. Moore (Mar. 1, 2000), 9th Dist. No. 19465, 2000 Ohio App. LEXIS 723, at *12;Windsor v. Ridge Elec. Co., Inc. (Feb. 2, 1998), 5th Dist. No. 97CA0129, 1998 Ohio App. LEXIS 771, at *8.
 {¶ 38} Appellants' sole assignment of error is without merit.
 {¶ 39} The judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of Chase, is affirmed.
 CYNTHIA WESTCOTT RICE, P.J., TIMOTHY P. CANNON, J., concur. *Page 1