[Cite as *Chase Home Fin., L.L.C. v. Dunlap*, 2013-Ohio-1915.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| Chase Home Finance LLC, | : | Case No. 11CA3266 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| David N. Dunlap, II, et al., | : | |
| | : | **RELEASED 05/03/13** |
| Defendants-Appellants. | : | |

_____
APPEARANCES:[1]

David N. Dunlap II and Sandra A. Dunlap, Chillicothe, Ohio, pro se Appellants.

Stacy L. Hart, LERNER, SAMPSON & ROTHFUSS, Cincinnati, Ohio, for Appellee.
_____
Harsha, J.

{¶1}    David and Sandra Dunlap appeal the trial court's decision to grant JPMorgan Chase Bank, N.A. (substitute plaintiff for Chase Home Finance LLC) summary judgment on the claims against them in this foreclosure action.  The Dunlaps contend that summary judgment was inappropriate, and we agree.

{¶2}    At the trial level, the Dunlaps and JPMorgan both claimed the other made default admissions by not timely responding to discovery requests.  Their respective admissions directly contradict each other concerning whether JPMorgan is the holder of the note at issue and whether the Dunlaps defaulted on the note secured by the mortgage JPMorgan seeks to foreclose.  Although the Dunlaps and JPMorgan objected to the court's use of their own default admissions, the court did not permit them to withdraw or amend the admissions before it granted summary judgment.  In light of the

---

[1] Defendants below the Ross County Treasurer, PNC Bank National Association, and Jumpin Jack Makalu have not entered an appearance or otherwise participated in this appeal.

contradictory admissions, genuine issues of material fact exist, making summary judgment inappropriate.  Accordingly, we reverse the trial court's judgment.  And because the arguments the Dunlaps make in their other assigned errors are rendered moot, we do not address them.

## I.  Facts

**{¶3}**    Chase Home Finance LLC filed a complaint in foreclosure naming the Dunlaps and other parties who might claim an interest in the real estate as defendants. The Dunlaps filed a joint answer; they also filed a counterclaim, which the court struck from the record.

**{¶4}**    Subsequently, Chase filed a "Certificate of Service of Plaintiff's Discovery Requests and Notice as to Matters Deemed Admitted."  Chase claimed it served discovery requests on the Dunlaps, including a request for admissions, on August 18, 2010, and had not received a timely response.  Chase argued that under Civ.R. 36, each request for admission was deemed admitted, so by default the Dunlaps admitted that:  1.) it was the holder and owner of the note and mortgage described in the complaint; 2.) the mortgage secured the debt evidenced by the note; 3.) the Dunlaps were in default under the terms of the note and mortgage in the sum of $83,370.72 plus interest; 4.) Chase properly accelerated the debt under the terms of the note and mortgage; 5.) Chase is entitled to judgment on the mortgage loan and foreclosure of the mortgage; and 6.) the Dunlaps executed the note and mortgage.[2]

**{¶5}**    A few months later, the Dunlaps filed a "Notice of not Receiving Plaintiff's First Set of Interrogatories, Request for Production of Documents and Request for

---

[2] Although none of the parties raise the issue, in its complaint Chase claimed only Mr. Dunlap executed the note, and the copies of the note in the record support this.  However, Mr. and Mrs. Dunlap both signed the mortgage.

Admissions and Plaintiff's Discovery Request and Notice as to Matters Deemed

Admitted." The Dunlaps claimed they had not been served with the discovery requests,

including requests for admission, that Chase alleged to have sent them and that they

had not received Chase's filing regarding matters deemed admitted by them. The

Dunlaps purportedly only learned about these documents when they physically

inspected the court's file.

{¶6}     In response, Chase argued that for various reasons, the court should not

grant the Dunlaps any relief regarding the default admissions. Subsequently, Chase

filed a motion for summary judgment, which it supported with an affidavit from a

company Vice President and the Dunlaps' default admissions.

{¶7}     Next, the Dunlaps filed a "Certificate of Service of Defendants' Discovery

Requests and Notice as to Matters Deemed Admitted." The Dunlaps claimed they

served discovery requests on Chase, including requests for admissions, on May 30,

2011, and had not received a timely response. They asserted that under Civ.R. 36,

each request for admission was deemed admitted, so by default Chase admitted among

other things that:  1.) it was not the holder and owner of the note described in the

complaint; 2.) it did not have written authority from the holder in due course of the note

to enforce the instrument; 3.) it had not validated the alleged debt as required by the

Fair Debt Collection Practices Act, and therefore could not take action to collect the

debt; 4.) the Dunlaps were not in default under the terms of the note and mortgage; and

5.) Chase is not entitled to judgment on the mortgage loan and foreclosure of the

mortgage.

{¶8}     Then the Dunlaps filed a memorandum in opposition to Chase's motion

for summary judgment, arguing that genuine issues of material fact existed based on Chase's purported default admissions. The Dunlaps also claimed that they recently answered Chase's request for admissions via certified mail and reprinted their answers within their memorandum.

{¶9} In response, Chase filed a "Reply in Opposition to Defendants' Notice of Matters Deemed Admitted and Request for Sanctions," which it supported with the affidavit of its attorney. Chase claimed the Dunlaps never served it with discovery requests and that the purported requests were filed outside the discovery deadline. Chase pointed out that the Dunlaps' "notice" was "nearly duplicative" of the notice it filed on September 27, 2010, and told the court it suspected the Dunlaps were perpetrating a fraud on the court by filing their "notice" based on a non-existent discovery request. Chase asked the court to "deny" the Dunlaps' notice. Chase also argued that even if the discovery requests had been served and Chase had not timely responded, it could seek withdrawal or amendment of the admissions under Civ.R. 36(B). And if the court found the Dunlaps' discovery requests were proper, Chase requested 28 days to respond to the requests. Chase also asked the court to sanction the Dunlaps under Crim.R. 11 because they were vexatious litigators and attempted to perpetrate a fraud on the court. In addition Chase filed a motion to substitute JPMorgan Chase Bank, N.A., successor by merger to Chase, as party plaintiff under Civ.R. 25(C).

{¶10} The court granted Chase's motion to substitute JPMorgan as the party plaintiff and issued an "Entry Granting Summary Judgment and Decree in Foreclosure." The court did not address the Dunlaps' and JPMorgan's competing default admissions. Nonetheless, the court found the "allegations contained in the Complaint are true" and

that Mr. Dunlap owed JPMorgan $83,370.72 plus interest on the note. The court also found the note was secured by the mortgage held by JPMorgan, that the conditions of the mortgage were broken, and that JPMorgan was entitled to foreclosure.

**{¶11}** The court found that unless Mr. Dunlap paid JPMorgan the amount due plus costs of this action within a certain timeframe, the real estate would be sold and the proceeds paid according to its order of distribution.

**{¶12}** After filing motions that are not relevant to this appeal, the Dunlaps filed their notice of appeal from the entry granting summary judgment.

## II. Assignments of Error

**{¶13}** The Dunlaps assign the following errors for our review[3]:

1.  **The Court of Common Pleas erred by striking Defendants' Notice of Dispute.**

2.  **The Court of Common Pleas erred by overruling Defendants' Motion to Dismiss Complaint.**

3.  **The Court of Common Pleas erred by substituting JPMorgan Chase Bank, N.A. successor by merger to Chase Home Finance LLC as Party Plaintiff.**

4.  **The Court of Common Pleas erred by granting Plaintiff's Summary Judgment and Decree in Foreclosure.**

### III. The Trial Court Erred in Granting Summary Judgment

**{¶14}** Because it is dispositive of this appeal, we address the fourth assignment of error initially. The Dunlaps claim the court erred when it granted JPMorgan's motion for summary judgment. When reviewing a decision on a motion for summary judgment, we conduct a de novo review governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Summary judgment

---

[3] The Dunlaps failed to specifically designate these statements as "Assignments of Error" in their brief. Nonetheless, we recognize them as such.

is appropriate when the movant has established: 1.) there is no genuine issue of material fact; 2.) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, with the evidence against that party being construed most strongly in its favor; and 3.) the moving party is entitled to judgment as a matter of law. *Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978) (per curiam). *See* Civ.R. 56(C).

{¶15} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996). To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate the non-moving party has no evidence to support the non-moving party's claims. Civ.R. 56(C). *See Hansen v. Wal-Mart Stores, Inc.*, 4th Dist. No. 07CA2990, 2008-Ohio-2477, ¶ 8. Once the movant supports the motion with appropriate evidentiary materials, the non-moving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." *Id.*

{¶16} JPMorgan argues summary judgment was appropriate because it supported its motion with an affidavit, and the Dunlaps did not support their memorandum contra with an affidavit as required by Civ.R. 56(E). However, as noted

above, if the movant supports its summary judgment with appropriate evidentiary

materials, Civ.R. 56(E) states that the non-moving party must set forth specific facts

showing there is a genuine issue for trial "by affidavit *or as otherwise provided*" in the

rule. (Emphasis sic.). Civ.R. 56(C) specifically contemplates consideration of "written

admissions" in a motion for summary judgment. A default admission under Civ.R. 36(B)

constitutes a "written admission" for the purposes of summary judgment. *See*

*JPMorgan Chase & Co. v. Industrial Power Generation, Ltd.*, 11th Dist. No. 2007-T-

0026, 2007-Ohio-6008, ¶ 27, 32-35. And in this case, both JPMorgan and the Dunlaps

supported their respective positions with the other's alleged default admissions.

{¶17} Civ.R. 36 discusses admissions and provides:

> **(A)     Availability; procedures for use.**  A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ.R. 26(B) set forth in the request, that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.  * * *

> (1)     Each matter of which an admission is requested shall be separately set forth.  The party to whom the requests for admissions have been directed shall quote each request for admission immediately preceding the corresponding answer or objection**.**  The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of a printed copy of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.  * * *

>                                     * * *

> **(B)     Effect of admission.**  Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Civ. R. 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to

satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by the party for any other purpose nor may it be used against the party in any other proceeding.

\* \* \*

**{¶18}** At the trial level, the Dunlaps and JPMorgan each claimed the other failed to timely respond to requests for admissions and therefore, each matter of which an admission was allegedly requested is deemed admitted and conclusively established. The Dunlaps and JPMorgan also complained about whether it was appropriate for the court to consider their own default admissions.  On appeal, JPMorgan continues to maintain that the court could not consider its default admissions for various reasons, including the fact that the Dunlaps perpetrated a fraud on the court because they never served JPMorgan with discovery requests.

**{¶19}** However, the trial court did not rule on the parties' arguments concerning the default admissions.  It never found the Dunlaps engaged in fraud, and it did not permit the parties to withdraw or amend any of the alleged default admissions before it granted summary judgment.  Nor did it strike the Dunlaps' request for admissions as being served outside the time limit for discovery.  Therefore, all of the default admissions stand.  And because these admissions contradict each other on central issues such as whether JPMorgan is the holder of the note at issue and whether the Dunlaps defaulted on the note secured by the mortgage JPMorgan seeks to foreclose, genuine issues of material fact exist that preclude summary judgment.  The Dunlaps' other arguments about why summary judgment was inappropriate are moot.

**{¶20}** We sustain the fourth assignment of error, reverse the trial court's

judgment, and remand for further proceedings, including ruling on the arguments

concerning the viability of deemed admissions.  Because the claims the Dunlaps make

in their other assigned errors are moot, we do not address them.  *See* App.R.

12(A)(1)(c).

JUDGMENT REVERSED,
AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED. Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**