OPINION
{¶ 1} Plaintiff-appellant, Rifat A. Abuhilwa, appeals from a judgment of the Court of Claims of Ohio granting summary judgment in favor of defendant-appellee, Corrections Medical Center ("CMC"). For the following reasons, we affirm.
 {¶ 2} On January 3, 2008, Abuhilwa filed a complaint against CMC alleging claims for harassment, fraud, negligent infliction of emotional distress, and intentional infliction of emotional distress. Abuhilwa later amended his complaint to include claims for cruel and unusual punishment and negligent hiring, training, and supervision. *Page 2 
Abuhilwa premised his claims on his allegation that Corrections Officer Vincent Goliday told inmate Kevin Board that Abuhilwa and Board had "a separation against each other." According to Abuhilwa, Board interpreted this remark to mean that Abuhilwa had "snitched" on him, and he began threatening and harassing Abuhilwa.
 {¶ 3} Abuhilwa served his first set of interrogatories, requests for documents, and requests for admission on CMC on January 22, 2008. The requests for admission allowed CMC 30 days after service to respond. Consequently, with the additional three days afforded CMC by Civ. R. 6(E), CMC's responses were due on February 25, 2008. CMC missed this deadline.
 {¶ 4} Abuhilwa sent two letters to CMC's attorney seeking responses to the outstanding discovery requests. When he received no answer, Abuhilwa filed a motion to compel. The trial court granted Abuhilwa's motion and ordered CMC to respond to Abuhilwa's discovery requests by April 24, 2008. On that date, CMC filed with the trial court a "Notice of Compliance," indicating that it had served its discovery responses on Abuhilwa.
 {¶ 5} Before the trial court's April 24, 2008 deadline had elapsed, Abuhilwa moved for summary judgment based entirely upon the admissions CMC made when it failed to timely respond to Abuhilwa's requests for admission. Upon receiving CMC's responses to his requests for admission (which CMC largely denied), Abuhilwa filed a motion to strike CMC's responses. Abuhilwa claimed that Civ. R. 36 precluded CMC from untimely responding to his requests for admission. CMC replied to Abuhilwa's motion to strike with a motion to withdraw and/or amend its admissions. CMC then filed its own motion for summary judgment. *Page 3 
 {¶ 6} On July 14, 2008, the trial court issued a decision in which it granted CMC's motion to withdraw and/or amend its admissions and denied Abuhilwa's motion to strike CMC's responses to the requests for admission. Additionally, the trial court granted CMC's motion for summary judgment and denied Abuhilwa's motion for summary judgment. Based upon this decision, the trial court entered judgment in CMC's favor.
 {¶ 7} Abuhilwa now appeals from the trial court's July 14, 2008 judgment entry and assigns the following errors:
 [1.] THE COURT OF CLAIMS OF OHIO ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO DEFENDANTS-APPELLEE'S [sic] WHEN THERE WERE, AND ARE, SEVERAL ISSUES OF MATERIAL FACT TO BE DECIDED BY THE COURT? [sic]
 [2] THE COURT OF CLAIMS OF OHIO/TRIAL COURT ERRED IN FAILING TO AWARD SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF.
 [3] THE COURT OF CLAIMS ERRED IN ALLOWING DEFENDANTS [sic] TO AMEND/WITHDRAW THEIR RESPONSE TO THE PLAINTIFF'S-APPELLANT'S REQUEST FOR ADMISSIONS BEYOND THE TIME DESIGNATED IN THE REQUEST FOR ADMISSIONS AND IN THE OHIO CIVIL RULE 36.
 {¶ 8} We will address Abuhilwa's third assignment of error first. By that assignment of error, Abuhilwa argues that the trial court erred in granting CMC's motion to withdraw and/or amend its responses to the requests for admission. We disagree.
 {¶ 9} Pursuant to Civ. R. 36(A), a party receiving requests for admission must respond with an answer or objection within the time period designated in the request. If the party does not comply with this requirement, "[t]he matter is admitted." Civ. R. 36(A). In other words, failure to timely answer requests for admission results in defaulted *Page 4 
admissions that "[become] facts of record which the court must recognize." Cleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66, 67.
 {¶ 10} However, a trial court may permit withdrawal and/or amendment of an admission "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits." Civ. R. 36(B). See, also, Balson v. Dodds (1980), 62 Ohio St.2d 287, paragraph two of the syllabus. This two-part test emphasizes the importance of resolving an action on its merits, while also assuring each party that justified reliance on an admission in preparation for trial will not prejudice it.Cleveland Trust Co., at 67.
 {¶ 11} The decision to grant or deny a motion to withdraw and/or amend an admission is within the discretion of the trial court. Farah v.Chatman, Franklin App. No. 06AP-502, 2007-Ohio-697, at ¶ 11; Patidar v.Tri-State Renovations, Inc., Franklin App. No. 06AP-212, 2006-Ohio-4631, at ¶ 6. An appellate court will not disturb a ruling on a motion to withdraw and/or amend an admission absent an abuse of that discretion. Id.
 {¶ 12} In the case at bar, CMC admitted to virtually all of the facts underlying Abuhilwa's claims when it failed to timely respond to his requests for admission. Abuhilwa then insisted that the admissions alone warranted an entry of judgment in his favor. Therefore, we conclude that allowing the withdrawal and/or amendment of the admissions furthered the presentation and resolution of the case on its merits, instead of the admissions.
 {¶ 13} Having found that CMC satisfied the first part of the test contained in Civ. R. 36(B), we turn to whether Abuhilwa met the second part of the test — proving that *Page 5 
withdrawal and/or amendment would prejudice his ability to maintain his action. Abuhilwa, however, fails to identify any prejudice to him. Moreover, this court does not perceive any prejudice. As CMC points out, Abuhilwa could and did conduct discovery to develop his case through evidence even after CMC inadvertently admitted to the matters in the requests for admission. Although Abuhilwa moved for summary judgment based upon the admissions, "preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice."Kutscherousky v. Integrated Communications Solutions, LLC, Stark App. No. 2004 CA 00338, 2005-Ohio-4275, at ¶ 26, 29.
 {¶ 14} Because withdrawal and/or amendment of the defaulted admissions furthered the presentation of the merits of the action and did not prejudice Abuhilwa, we conclude that the trial court did not abuse its discretion in granting CMC's motion to withdraw and/or amend. Accordingly, we overrule Abuhilwa's third assignment of error.
 {¶ 15} By Abuhilwa's first assignment of error, he argues that the defaulted admissions created genuine issues of material fact that precluded the entry of summary judgment in CMC's favor. We disagree. As we have concluded that the trial court properly granted CMC's motion to withdraw and/or amend the admissions, Abuhilwa cannot rely upon them. Accordingly, we overrule Abuhilwa's first assignment of error.
 {¶ 16} By Abuhilwa's second assignment of error, he argues that the defaulted admissions proved his claims and entitled him to summary judgment in his favor. Again, Abuhilwa cannot rely upon the admissions because the trial court properly allowed withdrawal and/or amendment. Accordingly, we overrule Abuhilwa's second assignment of error. *Page 6 
 {¶ 17} For the forgoing reasons, we overrule Abuhilwa's three assignments of error, and we affirm the judgment of the Court of Claims of Ohio.
Judgment affirmed.
 FRENCH and TYACK, JJ., concur. *Page 1