[Cite as *Pond v. Pond*, 2021-Ohio-1708.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Allison Pond, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-262 |
| v. | : | (C.P.C. No. 17DR-1567) |
| David Pond, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 18, 2021

**On brief:** *Amanda C. Baker* and *Kelly M. Wick,* for appellee.
**Argued:** *Amanda C. Baker.*

**On brief:** *David Pond,* pro se. **Argued:** *David Pond.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

MENTEL, J.

{¶ 1} Defendant-appellant, David Pond, D.O., and his wife Allison Pond, D.O., have divorced and David appeals from the divorce decree entered by the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, after a 20-day trial. Our review of the matter is limited by David's failure to effect the filing of a transcript of the trial court's proceedings, as is the appellant's duty under App.R. 9(B). For this reason, we must presume the regularity of the proceedings below concerning all evidentiary issues raised in the 28 assignments of error. Furthermore, we find no error in the areas where review is possible and will therefore affirm the judgment of the trial court.

{¶ 2} The parties were married on June 9, 2001 and had three children during the duration of their marriage. (May 4, 2020 Decision and Jgmt. Entry Decree of Divorce,

hereinafter, "Jgmt. Entry" at 2.) Allison filed a Complaint for Divorce on April 21, 2017 and an Amended Complaint on October 4, 2017. David filed an Answer to the Amended Complaint and Counterclaim on October 19, 2017, in which he asked the trial court give "full force and effect" to a premarital agreement attached to the pleading.

{¶ 3} The parties filed an Agreed Shared Parenting Plan on April 26, 2018 that resolved custody issues but went to trial on the unresolvable remaining financial disputes. After 20 days of trial held during 3 separate weeks in July, September, and October 2019, the trial court issued a 59-page decision containing extensive findings of fact and rulings concerning child support, the parties' assets and liabilities, and outstanding contempt motions, among other issues. In addition, the trial court ruled that the premarital agreement was "not valid and not enforceable." (Jgmt. Entry at 3.) The trial court ruled that the agreement not only failed to "disclose, identify and value each parties' assets and liabilities," with specific reference to David's "military retirement," but that enforcing the agreement would have allowed him "to profit from divorce as it would carve out the potential of additional 'separate' assets * * * that have been significantly comingled with marital assets and/or efforts during the marriage." *Id.*

{¶ 4} David appealed the trial court's decision, and asserts the following 28 assignments of error:

> [I.] The trial court erred and abused its discretion and showed bias when it did not follow the Case Management Order as to evidence offered by Plaintiff outside the dates prescribed in the case management order.
>
> [II.] The trial court erred and abused its discretion and showed bias when it allowed the Plaintiff leave to file an amended counterclaim *instanter* 21 months late.
>
> [III.] The trial court erred and abused its discretion and showed bias when it went against the weight of the evidence and found the prenuptial agreement invalid over Plaintiff's claims she did not have full knowledge and understanding of the nature, value and or extent of Defendant's property, most notably value associated with Defendant's military retirement.
>
> [IV.] The trial court erred and abused its discretion and showed bias when Judge Gill voided the prenuptial agreement stating that the terms of the agreement would allow Defendant to profit from divorce as it would carve out the potential of

additional "separate" assets to Defendant that have been significantly comingled with marital assets and/or efforts during the marriage.

[V.] The trial court erred and abused its discretion and showed bias when Requests for admissions that should have been admitted per Rule 26 and 36 of the Federal Rules of Civil Procedure, were not deemed admitted after a 6 month and 15 day delay and without any compelling circumstances.

[VI.] The trial court erred and abused its discretion [] when deciding Defendant was voluntarily underemployed when he was working over 49 hours per week.

[VII.] The trial court erred and abused its discretion and when it imputed defendant's income when he has been receiving means tested veterans benefits.

[VIII.] The trial court erred and abused its discretion when it [] split the children's expenses 50% and 50% when the incomes were not equal between the parents.

[IX.] The trial court erred and abused its discretion when it went against the weight of the evidence for financial misconduct, and was so far off that the court cited that the complaint of financial misconduct had something to do with the corporation which the two in court were never connected.

[X.] The trial court erred and abused its discretion when it went against the weight of the evidence by not only ignoring the $306,571 that was joint income taken by the Plaintiff, but did not then divide this joint income in the final distribution.

[XI.] The trial court erred and abused its discretion when it went against the manifest weight of the evidence to deny the fact that Defendant contributed to Plaintiff's education, training and earning ability and acquisition and maintenance of a professional degree.

[XII.] The trial court erred and abused its discretion when it went against the manifest weight of the evidence not recognizing that Defendant lost income production capacity that resulted from Defendant's marital responsibilities.

[XIII.] The trial court erred and went against the manifest weight of the evidence when determining deviation factors for support under F when it stated no evidence presented to the

Obligee's income, if the obligee's annual income is equal to or less than one hundred percent of the federal poverty level.

[XIV.] on page 32 under K, the judge erred and went against the weight of the evidence when she stated the standard of living and circumstances of each parent and the standard of living of the child would have enjoyed had the marriage continued or had the parents been married.

[XV.] The trial court erred and went against the weight of the evidence when determining contempt related issues.

[XVI.] The trial court erred and abused its discretion when it did find the Plaintiff guilty of contempt of court yet the motion for a modification to the parenting agreement and custody on page 37 of the Defendant's Motion to Show Cause items 2 and 3, was completely ignored by Judge Gill.

[XVII.] The trial court erred and abused its discretion when it refused to hear contempt of court against Plaintiff's attorney removing ability of Defendant to prove fraud upon the court.

[XVIII.] Judge Gill erred when [she] decreed that ½ of tuition assistance Defendant obtained be shared with Plaintiff.

[XIX.] Judge Gill erred when she did not distribute the marital property and marital debts equally.

[XX.] The trial court erred as a matter of law when it did not comply with a corporate agreement between the couple, that contained an arbitration agreement clause, and did not release Pond Family Medical Center, Inc., from this divorce.

[XXI.] The Trial court erred when it released Plaintiff from all debts of Pond Family Medical Center Inc., and gave these debts exclusively to Defendant, especially when the stated goal of Plaintiff's attorney at the first status conference was to force the closure of the business, and they succeeded which ultimately stripped Defendant of his ability to enjoy his medical profession and cost him his medical license.

[XXII.] The trial court erred when it allowed Plaintiff mother to have two of the minor children for dependency exemptions and the father to only have one minor child. This is neither fair nor equitable when the parties had an agreement to alternate children years that was agreed upon and equitable between the parties.

[XXIII.] [The] trial court erred when it did not award spousal support to Defendant based on R.C. 3105.18.

[XXIV.] The judge erred when she stated that parties lived separate and apart without cohabitation since April 7, 2017, this went against the weight of the evidence when the parties have been separated since August 7, 2017.

[XXV.] The trial court erred in not performing a conscionability check on the outcome of the final decree.

[XXVI.] The trial court erred by assigning more than twice the martial debt to the Defendant, and assigning all of the Debt for Pond Family Medical Center Inc., to Defendant.

[XXVII.] The trial court erred and abused its discretion when it stated that the retirement accounts are being equally divided between the parties. The trial court has given Plaintiff 50% of Defendant's military retirement (even though this was waived in [the] prenuptial agreement), but the courts are allowing plaintiff to retain all of her 403(b) and 401(k) and cash balance retirement plans Under U. of the final divorce decree page 55.

[XXVIII.] The trial court erred by not holding that the student loan debt of the Plaintiff was her separate property debt as it was incurred prior to marriage.

{¶ 5}    Under App.R. 9(B)(3), it is the "duty of the appellant" to order a transcript of the proceedings in the trial court for appellate review. *See also* App.R. 10(A) ("After filing the notice of appeal the appellant shall comply with the provisions of App.R. 9(B) and shall take any other action reasonably necessary to enable the clerk to assemble and transmit the record"). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). When the appellate court "is without any transcript of the proceedings before the trial court necessary to exemplify the facts that determined the issues presented," it "cannot review any of appellant's assignments of error that rely upon factual issues in dispute, and [] must presume regularity of the proceedings under such circumstances." *Gomez v. Kiner*, 10th

Dist. No. 11AP-767, 2012-Ohio-1019, ¶ 5. Without a transcript, we can only review" assignments of error that are based solely on questions of law." *Id.*

{¶ 6} In this case, David requested a transcript, but accompanied it with an affidavit of indigency asserting that he was without the financial means to pay for its preparation. (May 12, 2020 Request to File Transcript.) The trial court denied his request, finding that he was "<u>not</u> indigent pursuant to law for purposes of [the] preparation of an indigent transcript." (May 14, 2020 Entry.) The court noted that the divorce decree from which he appealed awarded him "net assets valued in excess of $461,000, including personal property valued in excess of $77,940 and a Roth IRA in excess of $39,000," and recognized his "earning ability in excess of $136,000 and rental income from two parcels of real estate with net income of $8,900 per year." *Id.*

{¶ 7} The record is devoid of any indication that David attempted to have a transcript prepared after the trial court denied his request. Of the twenty-eight assignments of error, all but the first, second, fifth, seventeenth, twentieth, and twenty-fifth rely on the trial court's factual determinations reached after trial. Thus, other than these five assignments of error, we must "presume the validity" of the trial court's actions concerning the issues raised.

{¶ 8} In the first assignment of error, David argues that the trial court "erred and abused its discretion when it did not follow the Case Management Order as to evidence offered by Plaintiff outside the dates prescribed" in the order. (Appellant's Brief at 1.) In addition, he argues that because Allison did not provide the C.V.'s of her expert witnesses until "the day before trial," they should not have been allowed to testify.

{¶ 9} "Trial courts have inherent power to manage their own dockets and the progress of the proceedings before them." *U.S. Bank Natl. Assn. v. Lewis*, 10th Dist. No. 18AP-550, 2019-Ohio-3014, ¶ 10, citing *Canady v. Rekau & Rekau, Inc.*, 10th Dist. No. 09AP-32, 2009-Ohio-4974, ¶ 16. We apply an abuse of discretion standard to review whether a court erred in the implementation of its own scheduling order, as well as to review evidentiary rulings. *America's Floor Source, LLC v. Homes*, 191 Ohio App.3d 493, 2010-Ohio-6296, ¶ 46 (10th Dist.) (applying an abuse of discretion standard to asserted error that trial court "erred by overruling the motion to modify the case management scheduling order"); *Millstone Dev., Ltd. v. Berry*, 10th Dist. No. 01AP-907,

2002-Ohio-2241, ¶ 64 ("Absent an abuse of discretion, as well as a showing that the opposing party has suffered material prejudice, an appellate court will not disturb a ruling by a trial court as to the admissibility of evidence").

{¶ 10} Our ability to review this assignment of error is hampered by several factors. First, David has failed to cite to the case management order in the record, and "it is not the reviewing court's obligation to search the record for evidence to support an appellant's argument as to any alleged error." *State v. Ozeta*, 4th Dist. No. 02CA746, 2004-Ohio-329, ¶ 18. This omission alone would be sufficient ground for overruling the assignment of error because we "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based." App.R. 12(A)(2).

{¶ 11} Second, although David claims that the C.V.'s were not provided until two days before trial started, we cannot know when these witnesses testified because of his failure to file a transcript. For the same reason, we cannot review a ruling by the trial court or any objection lodged concerning the disclosure. Thus, for this assignment of error as well, we must presume the regularity of the proceedings in the trial court. Furthermore, the suggestion that the trial court erred by allowing late disclosure of Allison's experts' C.V.'s seems unlikely. Even untimely disclosure of the identity of a witness does not amount to an abuse of discretion where the appellant fails to explain the prejudicial effect of the ruling. *See Millstone Dev., Ltd.* at ¶ 67 (rejecting challenge to admission of expert witness testimony that appellee "failed to timely disclose"). Here, David only complains about the disclosure of the experts' C.V.'s. The first assignment of error is overruled.

{¶ 12} In the second assignment of error, David argues that "[t]he trial court erred and abused its discretion and showed bias when it allowed the Plaintiff leave to file an amended counterclaim *instanter* 21 months late." (Appellant's Brief at 2.) But it was David, the defendant in the trial court, who filed the amended counterclaim, not Allison. (*See* October 19, 2017 Answer to Am. Compl. at 1, stating amended counterclaim with request that trial court enforce attached premarital agreement.)

{¶ 13} David appears to be arguing that the court erred when it granted Allison leave to file a reply to his amended counterclaim, as Allison opposed the counterclaim's request that the trial court enforce the premarital agreement. Allison's attorney filed a motion for

leave to file to a reply to David's counterclaim *instanter*, arguing that the failure to timely reply was "an inadvertent oversight" and that the untimely response was not prejudicial because David had acknowledged in his own previous filings that he was aware that Allison contested the agreement's validity. (July 10, 2019 Memo. in Support of Mot. at 4-5.) David opposed the motion, arguing that the untimely reply was due to "sheer incompetence" or gamesmanship, not excusable neglect. (July 11, 2019 Memo. in Support of Mot. of Def. at 3.) The trial court granted Allison's motion in a summary ruling, stating only that "good cause" had been shown. (July 12, 2019 Entry.)

{¶ 14} Under Civ.R. 6(B), the trial court "may at any time in its discretion" grant a motion to allow the untimely filing of a responsive pleading "where the failure to act was the result of excusable neglect." When analyzing excusable neglect, a court should consider "all the surrounding facts and circumstances," including "potential prejudice to the opposing party and the trial court's right to control its docket." (Citations omitted.) *Huntington Natl. Bank v. Haehn*, 10th Dist. No. 17AP-342, 2018-Ohio-4837, ¶ 26. "In the final analysis, the excusable neglect standard under Civ.R. 6(B)(2) is notably forgiving." *Id.* "A ruling by the trial court on such a motion will be upheld absent an abuse of discretion." *Davis v. Immediate Med. Servs.*, 80 Ohio St.3d 10, 14 (1997).

{¶ 15} We agree with David's observation that the trial court did not "weigh the danger of prejudice to [him], nor the impact on the judicial proceedings" of accepting the late filing. (Appellant's Brief at 4.) But he does not identify any prejudice that he suffered as a result of the trial court's decision to allow the late filing. Given the discretion that Civ.R. 6 expressly grants to the trial court, the "forgiving" standard of excusable neglect, the argument articulating an excuse set forth by Allison's attorney, and the fact that David was on notice of her opposition to the enforcement of the premarital agreement, we cannot conclude that the trial court abused its discretion when granting leave to file the response. Accordingly, the second assignment of error is overruled.

{¶ 16} The fifth assignment of error states: "The trial court erred and abused its discretion and showed bias when Requests for Admissions that should have been admitted per Rule 26 and 36 of the Federal Rules of Civil Procedure were not deemed admitted after a 6 month and 15 day delay and without any compelling circumstances for the delay." (Appellant's Brief at 19.)

{¶ 17} As we have previously noted, "the Federal Rules of Civil Procedure govern the procedure in civil cases in the United States district courts, not state courts." *Cach v. Alderman*, 10th Dist. No. 15AP-980, 2017-Ohio-5597, ¶ 14, citing Fed.R.Civ.P. 1. In Ohio courts, the Ohio Rules of Civil Procedure govern discovery. *See* Civ.R. 1(A) (stating that, apart from enumerated exceptions, Ohio Rules of Civil Procedure "prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity"). Under Civ.R. 36(A)(1), a request for admission must be answered within 28 days after service on the opposing party or the matter addressed is deemed admitted. "However, a trial court may permit withdrawal and/or amendment of an admission 'when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits.' " *Abuhilwa v. Corr. Med. Ctr.*, 10th Dist. No. 08AP-642, 2008-Ohio-6915, ¶ 10, quoting Civ.R.36(B). We review a trial court's decision to withdraw or amend an omission under an abuse of discretion standard. *Id.* at ¶ 11.

{¶ 18} In this case, David filed a motion to compel Allison's response to his requests for admissions on April 6, 2018. The docket does not reflect a ruling on the motion, but David states that he received the responses on April 26, 2018. (Appellant's Brief at 19.) David's complaint is that the trial court did not deem the requests admitted as stated in the rule. However, we find no fault with the reasoning of the trial court when addressing the issue in its decision:

> Although ultimately answered, the Plaintiff failed to timely answer Defendant's Amended [First] Set of Request[s] for Admissions. Plaintiff's counsel and Plaintiff explained that there were interim agreements and understandings between counsel (when Defendant was represented) to hold off on finalizing discovery while the parties attempted settlement negotiations. The Defendant denies any such understandings and agreements and requests that they be deemed admitted. The Court finds that the Plaintiff did not fail to Answer for good cause and accepts her late filed Answers. That said, a review of Plaintiff's Answers to the Admissions and comparing same to the testimony presented herein <u>does</u> raise credibility issues as to her testimony on certain matters. Further the Court finds that Plaintiff's failure to be forthright as to some of these Answers only served to further aggravate and significantly

> agitate the Defendant which resulted in Defendant's pro-se
> response of protracted and detailed evidence presented at final
> trial herein.

(Jgmt. Entry at 45-46.)

{¶ 19} As this passage indicates, the trial court was keenly aware of the multitude of disputed issues of fact between the parties, which took 3 weeks of trial and a 59-page decision to resolve, and believed that "presentation of the merits of the action [would] be subserved" by permitting withdrawal of the admissions. Civ.R. 36(B). David has not explained how the withdrawal of the admissions prejudiced his defense. (*See* Appellant's Brief at 19-20.) Furthermore, the trial court's consideration of the admissions appears to have benefitted David's case, as the trial court stated that inconsistencies between Allison's answers and her testimony raised "credibility issues." We find no abuse of discretion in the trial court's decision to permit the withdrawal of the responses to the requests for admissions. The fifth assignment of error is overruled.

{¶ 20} The seventeenth assignment of error asserts that the trial court erred "when it refused to hear" a contempt motion that David brought against Allison's attorney. However, David does not cite to any part of the record containing either the motion for contempt or the court's refusal to hear the motion, as required by App.R. 12(A)(2). Under the rule, an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based." Accordingly, the seventeenth assignment of error is overruled.

{¶ 21} The twentieth assignment of error states: "The trial court erred as a matter of law when it did not comply with a corporate agreement between the couple that contained an arbitration agreement clause, and did not release Pond Family Medical Center, Inc., from this divorce." David argues that the trial court erred when it "did not enforce the arbitration clause" in the parties' agreement that governed their medical practice. (Appellant's Brief at 50.)

{¶ 22} Agreements to arbitrate contractual disputes are "valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." R.C. 2711.01(A). Enforcement of an agreement to arbitrate is governed by R.C. 2711.03(A), which states: "The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having

jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement."

{¶ 23} David claims that at "the first hearing" Allison's attorney's demanded that the practice "be forced to close[]," while he asked for enforcement of the arbitration clause. (Appellant's Brief at 50.) However, David does not cite to a transcript of this hearing, nor does he cite to any written motion to compel arbitration under R.C. 2711.03(A) that he filed with the trial court. Again, this failure to comply with App.R. 12(A)(2) hampers our ability to review the issue. The record does not demonstrate, in any reviewable manner, that David attempted to enforce the arbitration provision.

{¶ 24} Furthermore, the trial court's decision does not mention the arbitration provision when addressing his claim that "he is entitled to additional legal or equitable relief" due to Allison's alleged violation of "the terms of the Pond Family Medical Center, Inc.'s Close Corporation and Stock Buy/Sell Agreement." (Jgmt. Entry at 18.) The trial court states only: "Having reviewed the Buy/Sell Agreement, the Court does not find the terms therein apply to the facts of this case." *Id.* The trial court proceeded to award David all interest in the corporation when dividing the parties' assets. *Id.* at 56. We have previously observed that "disentangling the business interests of divorcing parties is the preferred resolution" when parties have engaged in business together. *DeMarco v. DeMarco*, 10th Dist. No. 09AP-405, 2010-Ohio-445, ¶ 13. Because the record does not indicate that David attempted to enforce the arbitration provision, we cannot conclude that the trial court erred. The assignment of error is overruled.

{¶ 25} The twenty-fifth assignment of error states: "The trial court erred in not performing a conscionability check on the outcome of the final decree." David argues that the trial court's judgment "stripped" him of equity, "unjustly enriched" Allison, "sanctioned [the] destruction of a medical practice," and, if not for his "well to do parents," would have resulted in "one more homeless American veteran." (Appellant's Brief at 55.)

{¶ 26} It is unclear what "conscionability check" David refers to. A conscionability test may apply when a party seeks to enforce a provision of a premarital agreement governing spousal support. *See, e.g., Gross v. Gross*, 11 Ohio St.3d 99, 109 (1984) ("In the review of provisions in antenuptial agreements regarding *maintenance or sustenance* alimony, a further standard of review must be applied -- one of conscionability of the

provisions at the time of the divorce or separation"). *See also Fox v. Fox*, 10th Dist. No. 01AP-83, 2002-Ohio-2010 (applying conscionability test to trial court's decision denying spousal support to plaintiff who signed prenuptial agreement awarding her "$1,000,000 in stock and one-half of the value of the marital residence"). In this case, the trial court did not enforce the parties' premarital agreement, and the test is therefore inapplicable. The assignment of error is overruled.

{¶ 27} Having overruled all assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

KLATT and BEATTY BLUNT, JJ., concur.

_____