[Cite as *Commonwealth Cas. Ins. Co. v. Small*, 2025-Ohio-184.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Commonwealth Casualty Insurance
Company et al.,                                     :

                                                    :

                Plaintiffs-Appellees,               :          No.  24AP-238
                                                              (C.P.C. No. 23CV-2520)
                                                    :
v.
                                                    :       (REGULAR CALENDAR)

Antonio Small et al.,
                                                    :

                Defendants-Appellants.              :

                                                    :

---

D E C I S I O N

Rendered on January 23, 2025

---

**On brief**: *Kreiner & Peters Co., LPA*, and *Daran P. Kiefer*, for
appellees.  **Argued**: *Daran P. Kiefer*.

**On brief**: *Antonio Small* and *Delkira Rodgers*, pro se.
**Argued**: *Antonio Small* and *Delkira Rodgers*.

---

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1}  Defendants-appellants, Antonio Small and Delkira Rodgers, appeal from a
judgment of the Franklin County Court of Common Pleas granting summary judgment in
favor of plaintiffs-appellees, Commonwealth Casualty Insurance Company
("Commonwealth"), Mouhamed Diallo, and I.D., a minor.  For the reasons that follow, we
affirm.

## I.  Facts and Procedural History

{¶ 2}  On April 12, 2023, plaintiffs filed a complaint against defendants alleging
claims of negligence, imputed negligence, and negligent entrustment.  The events giving

rise to the complaint concerned a March 21, 2022 motor vehicle accident at the intersection of Gender and Wright Roads in Columbus, Ohio. Plaintiffs alleged Mr. Small "negligently operated a motor vehicle owned by Defendant Delkira Rodgers * * * causing an accident" with Mr. Diallo's vehicle. (Compl. at ¶ 2.) Plaintiffs further alleged Mr. Small's negligence could be "imputed" to Ms. Rodgers because Ms. Rodgers owned the vehicle and was "a passenger in her vehicle at the time" of the accident. (Compl. at ¶ 11, 10.) Plaintiffs also claimed Ms. Rodgers "was negligent in that she entrusted [her] vehicle to Defendant Small who was unskilled to operate the vehicle." (Compl. at ¶ 8.) Commonwealth insured Mr. Diallo and his passenger, I.D., pursuant to an automobile insurance policy providing coverage for property damage and uninsured motorists. Pursuant to the terms of the insurance policy, Commonwealth paid Mr. Diallo $2,157 for damage to his vehicle, Mr. Diallo sustained a $250 out-of-pocket loss, and Commonwealth paid the collective sum of $64,000 to Mr. Diallo and I.D. for their pain and suffering resulting from the accident.

{¶ 3} On May 8, 2023, defendants filed a pro se answer. Defendants generally denied the allegations in the complaint and claimed Mr. Diallo "negligent[ly]" caused the accident by "swerv[ing] into the driver side of defendants * * * car." (Answer at 2.) On June 2, 2023, plaintiffs served a request for production, admissions, and interrogatories on defendants. On June 28, 2023, defendants moved the court for an extension of time to respond to discovery and to retain counsel. Defendants remained pro se throughout the remainder of the action.

{¶ 4} On August 18, 2023, the trial court issued an order granting defendants' motion for an extension of time. The court modified the case schedule, changing the discovery conference scheduled for August 9 to September 18, 2023, and the joint discovery plan due date scheduled for August 23 to October 2, 2023. The court stated "[a]ll other deadlines set in the current case schedule remain in full force and effect unless modified by further Order of the Court." (Aug. 18, 2023 Order.) As such, the court did not alter the dispositive motion deadline scheduled for December 6, 2023 or the discovery cutoff date scheduled for January 3, 2024.

{¶ 5} On October 19, 2023, plaintiffs filed a motion asking the trial court to terminate defendants' extension of time to respond to discovery. Plaintiffs noted the court's August 18, 2023 order "did not put a date when the extension would terminate," and further

noted defendants had not yet responded to plaintiffs' requests for discovery. (Oct. 19, 2023 Mot. at 1.) On November 20, 2023, plaintiffs filed a motion to extend the dispositive motion and discovery cutoff dates.

{¶ 6} On January 2, 2024, defendants filed a document titled "Defendants Answers to Interrogatories & Joint Discovery Documents," containing unsworn statements from both defendants. In his statement, Mr. Small noted Mr. Diallo caused the "accident [by] swerv[ing] into defendants." (Defs.' Answer to Discovery at ¶ 4.) In her statement, Ms. Rodgers explained her vehicle was "at rest" in the left turn lane preparing to turn left onto Wright Road from Gender Road when Mr. Diallo's vehicle, coming from the opposite direction on Gender Road, "swerved into us, striking the driver side of [her] vehicle." (Defs.' Answer to Discovery at 1, 2.)

{¶ 7} On January 16, 2024, the court granted plaintiffs' motion for an order terminating the extension of time. The court stated its August 18, 2023 order granted defendants an additional 30 days to respond to plaintiffs' discovery requests and terminated effective September 18, 2023. On January 16, 2024, the court also issued an order extending the dispositive motion deadline to January 8, 2024 and the discovery cutoff date to February 9, 2024.

{¶ 8} On January 18, 2024, plaintiffs filed a Civ.R. 56 motion for summary judgment and a motion to extend the dispositive motion deadline instanter. Plaintiffs supported their motion for summary judgment with a copy of the unanswered requests for admissions and noted defendants' failure to respond to the requests for admissions resulted in defendants admitting each requested matter. Pursuant to the defaulted admissions, defendants admitted the following: Mr. Small was driving a vehicle owned by Ms. Rodgers at the time of the March 21, 2022 accident; Mr. Small negligently caused the accident by failing to yield when turning left in front of Mr. Diallo's vehicle; Mr. Diallo was not negligent in any manner; Commonwealth had a subrogated interest pursuant to the payments it made on behalf of its insured; and the amount of damages plaintiffs incurred as a result of the accident. Plaintiffs asked the court to enter judgment against defendants in the amount of $66,406.07.

{¶ 9} On January 22, 2024, the court issued an order extending the summary judgment deadline to January 25, 2024. On January 24, 2024, defendants filed a document

titled "Motion." Defendants' motion included an unsworn statement from Mr. Small indicating that, at the time of the accident, defendants' vehicle was at a "complete stop" in the left turn lane when Mr. Diallo's vehicle struck their vehicle. (Defs.' Mot. at 2.)

{¶ 10} On March 12, 2024, the court issued an entry granting plaintiffs' motion for summary judgment. The court construed defendants' January 24, 2024 motion as a response to plaintiffs' motion for summary judgment. The court noted it had considered plaintiffs' motion, defendants' response, and the evidence presented but found no genuine issues of material fact for trial. The court granted judgment in the amount of $66,406.07 against Mr. Small and Ms. Rodgers, jointly and severally.

## II. Assignment of Error

{¶ 11} Defendants appeal, assigning the following error for our review:

> The courts erred and abused it's discretion by entering judgment in favor of Appellee. Granting Appellee judgement in favor of the facts Appellee presented in reference to Ohio revised code section 4511.203, the courts erred as a matter of law.

(Sic passim.)

## III. Analysis

{¶ 12} In their sole assignment of error, defendants generally assert the trial court erred by granting plaintiffs summary judgment. An appellate court reviews a grant of summary judgment under a de novo standard. *Capella III*, *L.L.C. v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 548 (2001). "[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." (Internal quotations and citations omitted.) *Holt v. State*, 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9. Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 13} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment. *Id.* If the moving party satisfies its initial burden, summary judgment is appropriate unless the non-moving party responds, by affidavit or otherwise as provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Id.*; *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991). Because summary judgment is a procedural device used to terminate litigation, it must be awarded with caution and all doubts must be resolved in favor of the non-moving party. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 (1993), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶ 14} Plaintiffs assert the trial court properly granted summary judgment in their favor based on the unanswered requests for admissions. Civ.R. 36 permits a party to serve on another party a written request for the admission "of the truth of any matters within the scope of Civ.R. 26(B) set forth in the request." Civ.R. 36(A). The rule further provides, in relevant part, as follows:

> **(1)** Each matter of which an admission is requested shall be separately set forth. The party to whom the requests for admissions have been directed shall quote each request for admission immediately preceding the corresponding answer or objection. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.
>
> * * *
>
> **(B) Effect of admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Civ.R. 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved

thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by the party for any other purpose nor may it be used against the party in any other proceeding.

Civ.R. 36(A)(1) and (B).

{¶ 15} Thus, a party's failure to timely respond to a request for admissions "with an answer or objection constitutes a conclusive admission of the matter contained in the request, and becomes facts of record the trial court must recognize." *Progressive Direct Ins. Co. v. Harrison*, 10th Dist. No. 17AP-344, 2017-Ohio-8981, ¶ 9, citing *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67 (1985). Civ.R. 36 is self-enforcing. *Farah v. Chatman*, 10th Dist. No. 06AP-502, 2007-Ohio-697, ¶ 10, citing *Gwinn v. Dave Dennis Volkswagen*, 2d Dist. No. 87-CA-56, 1988 Ohio App. LEXIS 450 (Feb. 8, 1988). Accordingly, "once a party fails to timely respond to the requests for admissions, the defaulted admissions become facts, and a motion seeking confirmation of those admissions is not necessary." *Samaan v. Walker*, 10th Dist. No. 07AP-767, 2008-Ohio-5370, ¶ 8, citing *Farah* at ¶ 10. *Accord Deutsche Bank Natl. Trust Co. v. Stone*, 10th Dist. No. 20AP-94, 2021-Ohio-3007, ¶ 19; *Autovest v. Ruff*, 10th Dist. No. 23AP-29, 2023-Ohio-2937, ¶ 15. "A request for admission can be used to establish a fact, even if it goes to the heart of the case. This is in accord with the purpose of the request to admit -- to resolve potentially disputed issues and thus to expedite the trial." *Cleveland Trust Co.* at 67. Damages may be established through unanswered requests for admissions. *See Corwin v. Kimble*, 5th Dist. No. 22CA00002, 2022-Ohio-3395, ¶ 57-58; *Cent. Ins. Co. v. Yeldell*, 2d Dist. No. 18888, 2001 Ohio App. LEXIS 4490, *3-4 (Oct. 5, 2001).

{¶ 16} A court must grant a motion for summary judgment if the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). "Unanswered requests for admission, because the matter involved is deemed admitted, are the equivalent of written admissions for purposes of Civ.R. 56(C)." *Cent. Ins. Co.* at *4, citing *Klesch v. Reid*, 95 Ohio App.3d 664 (8th

Dist.1994). Thus, a court may rely on unanswered requests for admissions to grant a Civ.R. 56 motion for summary judgment. *Progressive Direct Ins. Co.*, 2017-Ohio-8981, at ¶ 15, citing *Mulhollen v. Angel*, 10th Dist. No. 03AP-1218, 2005-Ohio-578, ¶ 14. *Accord L.E. Sommer Kidron, Inc. v. Kohler*, 9th Dist. No. 06CA0044, 2007-Ohio-885, ¶ 53.

{¶ 17} Even after admissions are deemed admitted, a court may permit the withdrawal or amendment of an admission. *See* Civ.R. 36(B); *Progressive Direct Ins. Co.*, at ¶ 11. The court may permit withdrawal or amendment when: (1) "the presentation of the merits of the action will be subserved thereby" and (2) the party who obtained the admission fails to demonstrate the withdrawal or amendment "will prejudice the party in maintaining [their] action or defense on the merits." Civ.R. 36(B). "This two-part test emphasizes the importance of resolving an action on its merits, while also assuring each party that justified reliance on an admission in preparation for trial will not prejudice it." *Abuhilwa v. Corr. Med. Ctr.*, 10th Dist. No. 08AP-642, 2008-Ohio-6915, ¶ 10, citing *Cleveland Trust Co.* at 67.[1]

{¶ 18} While Civ.R. 36(B) allows a party to move to withdraw or amend an admission, the rule "does not require that a *written* motion be filed, nor does it specify *when* such motion must be filed. Thus, the rule leaves such matters to the discretion of the trial court." (Emphasis sic.) *Balson v. Dodds*, 62 Ohio St.2d 287, 290 (1980), fn. 2. "Courts have accepted, absent a written or oral motion to withdraw, various challenges to the truth of an admission as implicit motions to withdraw." *Corwin*, 2022-Ohio-3395, at ¶ 34, citing *C.S.J. v. S.E.J.*, 8th Dist. No. 108390, 2020-Ohio-492, ¶ 12. In *Balson*, the Supreme Court of Ohio found that by "contesting the truth of the Civ.R. 36(A) admissions [in her response to a motion for] summary judgment, [the] appellee satisfied the requirement of Civ.R. 36(B) that she move the trial court to withdraw or amend these admissions." *Id.* at 290, fn. 2. *See Lesco v. Heaton*, 8th Dist. No. 94121, 2010-Ohio-3880, ¶ 31, fn. 2 (noting "a party's

---

[1] The first prong of the Civ.R. 36(B) test recognizes the "overarching goal that cases should be resolved on their merits." *Corwin*, 2022-Ohio-3395, at ¶ 39. The prejudice contemplated under the second prong " ' "relates to the difficulty a party may face in proving its case" because of the sudden need to obtain evidence required to prove the matter that had been admitted.' " *Kutscherousky v. Integrated Communications Solutions, L.L.C.*, 5th Dist. No. 2004 CA 00338, 2005-Ohio-4275, ¶ 25, quoting *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir.1983), quoting *Brook Village N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir.1982). However, " 'preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice.' " *Abuhilwa*, 2008-Ohio-6915, at ¶ 13. *See also HSBC Mtge. Servs. v. Watson*, 3d Dist. No. 11-14-03, 2015-Ohio-221, ¶ 29.

brief in opposition to a motion for summary judgment disputing the admissions can be considered a motion to withdraw or amend the admissions under Civ.R. 36"); *C.S.J.* at ¶ 14 (noting the trial court could "reasonably find that C.S.J. implicitly presented a motion to withdraw the admissions and thereby satisfied the rigors of Civ.R. 36(B) when she contested the truth of the Civ.R. 36(A) admissions at trial"); *Haskett v. Haskett*, 11th Dist. No. 2011-L-155, 2013-Ohio-145, ¶ 25.

{¶ 19} The decision whether to permit withdrawal or modification of an admission rests in the trial court's sound discretion. *Abuhilwa*, 2008-Ohio-6915, at ¶ 11; *Corwin*, 2022-Ohio-3395, at ¶ 36; *L.E. Sommer Kidron, Inc.*, 2007-Ohio-885, at ¶ 46. Accordingly, "[a]n appellate court will not disturb a ruling on a motion to withdraw and/or amend an admission absent an abuse of that discretion." *Abuhilwa* at ¶ 11. " 'Abuse of discretion will not be found where the reviewing court simply could maintain a different opinion were it deciding the issue de novo, but rather represents an attitude that is unreasonable, arbitrary, or unconscionable.' " *Lucas v. Reywal Co., L.P.*, 10th Dist. No. 17AP-479, 2019-Ohio-27, ¶ 20, quoting *McGee v. C & S Lounge*, 108 Ohio App.3d 656, 659 (10th Dist.1996). *See also Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985); *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 20} As detailed above, the record demonstrates confusion regarding the date by which defendants were required to respond to plaintiffs' requests for admissions. Plaintiffs served defendants with the requests for admissions on June 2, 2023, and defendants timely requested an extension of time to respond. The trial court granted defendants' request for an extension of time on August 18, 2023, but the court did not specify when the extension of time would terminate. On January 16, 2024, the court issued an order stating the extension of time was for a 30-day period, which expired on September 18, 2023. However, defendants could not have been aware of the September 18, 2023 response deadline until the court issued its January 16, 2024 order, long after the deadline had passed.

{¶ 21} Yet, the record also demonstrates defendants never filed a response to plaintiffs' requests for admissions. At oral argument before this court, defendants claimed they *did* respond to plaintiffs' requests for admissions, albeit in a narrative form. We believe defendants are referring to their January 2, 2024 response to discovery. Although defendants' January 2, 2024 discovery response asserted that Mr. Diallo's negligence,

rather than their own, caused the motor vehicle accident, the response did not contain answers or objections to each of the requested admissions as required by Civ.R. 36. Civ.R. 36 obligates the party to whom the request for admission is directed to "quote each request for admission immediately preceding the corresponding answer or objection" and to state a "written answer or objection addressed to the matter, signed by the party or by the party's attorney." Civ.R. 36(A)(1).

{¶ 22} Defendants' January 24, 2024 response to plaintiffs' motion for summary judgment again indicated it was Mr. Diallo, rather than defendants, who negligently caused the motor vehicle accident. Thus, defendants' January 24, 2024 response contested the truth of the admission concerning Mr. Small's negligence. Pursuant to *Balson* and its progeny, the trial court could have construed defendants' January 24, 2024 motion as an implicit motion to withdraw the admissions. Notably, defendants' May 8, 2023 answer, January 2, 2024 response to discovery, and January 24, 2024 response to summary judgment all contained statements alleging Mr. Diallo negligently caused the motor vehicle accident. *See Kutscherousky v. Integrated Communications Solutions*, *L.L.C.*, 5th Dist. No. 2004 CA 00338, 2005-Ohio-4275, ¶ 28, quoting *Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192, 193 (D.Conn.1976) (noting it is " 'unlikely that the plaintiff could reasonably have believed that the defendant intended to admit liability in this contested action' ").

{¶ 23} While the trial court could have exercised its discretion to construe the January 24, 2024 response as a motion to withdraw the admissions, we must determine whether the trial court's failure to do so amounted to an abuse of its discretion. Although we may have decided the issue differently under de novo review, we are unable to find the court abused its discretion in the present case.

{¶ 24} Initially, defendants' January 24, 2024 response did not directly ask the court to withdraw any of the admissions. Additionally, while the January 24, 2024 response addressed the central issue regarding who caused the accident, the motion did not address any of the other matters contained in the requests for admissions. And, as noted, defendants never attempted to file a response to the requests for admissions. Although the trial court initially failed to provide defendants with a date by which they were required to respond to the requests for admissions, the court's January 16, 2024 order terminating the

extension of time informed defendants their responses were then past due. Plaintiffs' January 18, 2024 motion for summary judgment also demonstrated plaintiffs were relying on the defaulted admissions to establish necessary facts. However, defendants still did not file a response to the requests for admissions or a formal motion to withdraw the admissions after that point in time. *Compare Kutscherousky*, 2005-Ohio-4275, at ¶ 23 (finding the trial court did not abuse its discretion by granting the appellant's motion to withdraw admissions because "appellant's responses were only nine days late; both parties were aware of each other's position on the merits of the case; the time frame for discovery had not expired [and there had been no] action on the part of appellee in reliance upon the requests for admissions"); *Ramos v. Khawli*, 181 Ohio App.3d 176, 2009-Ohio-798, ¶ 51 (7th Dist.) (noting the trial court did not abuse its discretion by denying the appellant's motion for leave to file untimely answers to requests for admissions because the "appellant did not file her answers to the requests for admissions along with the motion for leave").

{¶ 25} "[T]here must be a point after which the party who gained admissions has the right to rely on them. What amount of time is 'reasonable' varies on a case-by-case basis." *Kutscherousky* at ¶ 22. When the court granted plaintiffs' motion for summary judgment on March 12, 2024, defendants still had not filed a formal response to plaintiffs' requests for admissions. Although defendants proceeded pro se in this case, " '[p]ro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel.' " *Johnson v. Levy*, 10th Dist. No. 18AP-775, 2019-Ohio-3492, ¶ 22, quoting *Rizzo-Lortz v. Erie Ins. Group*, 10th Dist. No. 17AP-623, 2019-Ohio-2133, ¶ 18. Thus, "a litigant proceeding pro se is bound to follow the Ohio Rules of Civil Procedure just like any other litigant, and that specifically includes the obligation to respond to a request for admissions or suffer the fact requested to be admitted to be deemed admitted." *Arrow Fin. Servs., L.L.C. v. Hagan*, 2d Dist. No. 22215, 2008-Ohio-2998, ¶ 27, citing *State ex rel. Montgomery v. Maginn*, 147 Ohio App.3d 420, ¶ 4-5 (12th Dist.2002). Because we cannot find the trial court abused its discretion in failing to construe defendants' January 24, 2024 motion as an implicit motion to withdraw the admissions, we are unable to conclude the trial court erred by relying on the defaulted admissions to grant plaintiffs summary judgment.

{¶ 26} The defaulted admissions established Mr. Small's negligence was the direct and proximate cause of the March 21, 2022 motor vehicle accident. As such, plaintiffs met their initial burden under Civ.R. 56 with respect to their claim for negligence. Defendants failed to respond to the motion for summary judgment, by affidavit or as otherwise provided in Civ.R. 56, setting forth specific facts demonstrating a genuine issue for trial. *See Hardgrow v. Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-919, 2012-Ohio-2731, ¶ 23 (noting the plaintiff's "unsworn statement [did] not qualify as Civ.R. 56(C) evidence, with the result that plaintiff failed to create a genuine issue of material fact"); *Rarden v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-225, 2012-Ohio-5667, ¶ 29. Accordingly, the trial court did not err by granting plaintiffs summary judgment on their claim for negligence.

{¶ 27} Defendants assert the trial court erred by imposing judgment against both Mr. Small and Ms. Rodgers because the evidence did not establish "Ohio revised code section 4511.203 of wrongful entrustment of a motor vehicle." (Appellant's Brief at 2.) R.C. 4511.203 describes the misdemeanor offense of wrongful entrustment of a motor vehicle. The offense described in R.C. 4511.203 was not at issue in this civil action.

{¶ 28} Plaintiffs did, however, assert a claim against Ms. Rodgers for negligent entrustment in their complaint. Plaintiffs alleged Ms. Rodgers "was negligent in that she entrusted [her] vehicle to Defendant Small who was unskilled to operate the vehicle." (Compl. at ¶ 8.) To prevail on a negligent entrustment claim involving the operation of a motor vehicle, a plaintiff must demonstrate: (1) the vehicle was operated with permission of the owner; (2) the driver of the vehicle was incompetent to operate it; and (3) the owner of the vehicle knew—either through actual knowledge or through knowledge implied from known facts at the time of the entrustment—that the driver was unqualified or incompetent to operate the vehicle. *Rieger v. Giant Eagle, Inc.*, 157 Ohio St.3d 512, 2019-Ohio-3745, ¶ 17, citing *Gulla v. Straus*, 154 Ohio St. 193 (1950), paragraph three of the syllabus. *See also Rogers v. Kazee*, 10 Ohio App.3d 139, 141 (10th Dist.1983), quoting *Williamson v. Eclipse Motor Lines, Inc.*, 145 Ohio St. 467 (1945), paragraph two of the syllabus (explaining "[l]iability for negligent entrustment arises from the act of entrusting a motor vehicle, ' * * * with permission to operate the same, to one whose incompetency, inexperience or recklessness is known or should have been known by the owner' ").

{¶ **29**} Although the unanswered requests for admissions established Ms. Rodgers "gave permission and entrusted her vehicle to [Mr.] Small on March 21st 2022," the admissions did not address whether Mr. Small was incompetent to operate the motor vehicle or whether Ms. Rodgers knew or should have known that Mr. Small was incompetent to operate the vehicle. (Mot. for Summ. Jgmt., Ex. 1, Request for Admission #3.) *See Curry v. Estate of Akers*, 10th Dist. No. 15AP-836, 2016-Ohio-581, ¶ 45-46. Plaintiffs did not address their claim for negligent entrustment in their motion for summary judgment.

{¶ **30**} Rather, in their motion for summary judgment, plaintiffs argued Ms. Rodgers was liable for Mr. Small's negligence under a theory of imputed negligence. In *Ross v. Burgan*, 163 Ohio St. 211 (1955), paragraph one of the syllabus, the Supreme Court explained that "[w]here the owner of a motor vehicle being driven by another is an occupant thereof, a rebuttable presumption or inference arises that the owner has control over it and that the driver is acting as his agent in operating the vehicle." The court noted the test "as to whether a person is the agent of another is the *right of control* of the one over the other," and stated one "being conveyed in his own vehicle and in furtherance of his own interests ought to be presumed to control his own property in his own transportation." (Emphasis sic.) *Id.* at 219. Accordingly, "[i]n the absence of evidence to rebut such presumption, any negligence of the driver in operating the motor vehicle is imputable to the owner riding therein." *Id.* at paragraph two of the syllabus. *Accord Curry*, 2016-Ohio-581, at ¶ 42; *Fairchild v. Curtis*, 5th Dist. No. 93-CA-9, 1993 Ohio App. LEXIS 5782, *9-11 (Nov. 24, 1993). *See also Zachariah v. Roby*, 178 Ohio App.3d 471, 2008-Ohio-4832, ¶ 17 (10th Dist.), citing *Bloom v. Leech*, 120 Ohio St. 239 (1929), paragraphs one and two of the syllabus.

{¶ **31**} Through the unanswered requests for admissions, defendants admitted Ms. Rodgers owned the vehicle Mr. Small was driving and Mr. Small was operating the vehicle as Ms. Rodgers' agent at the time of the accident. Although none of the requests for admissions asked defendants to admit whether Ms. Rodgers was a passenger in the vehicle at the time of the accident, the police report attached as an exhibit to the requests for admissions demonstrated Ms. Rodgers was a passenger in the vehicle. Defendants did not object to the police report. *See Open Container, Ltd. v. CB Richard Ellis, Inc.*, 10th Dist.

No. 14AP-133, 2015-Ohio-85, ¶ 11.  Additionally, in their answer, defendants admitted Ms. Rodgers was in the vehicle at the time of the accident.  Pleadings timely filed in the action are specifically identified in Civ.R. 56(C) as proper summary judgment material. *Qualls v. Peregrine Health Servs.*, 10th Dist. No. 21AP-473, 2022-Ohio-4644, ¶ 26.

{¶ 32} Thus, summary judgment evidence demonstrated Ms. Rodgers owned the vehicle and was a passenger in the vehicle her agent, Mr. Small, was operating at the time of the accident.  As such, the trial court did not err by finding Mr. Small's negligence imputable to Ms. Rodgers under a theory of imputed negligence.

{¶ 33} Although the trial court failed to resolve plaintiffs' negligent entrustment claim in its March 12, 2024 entry, the court's decision granting plaintiffs summary judgment on their claims for negligence and imputed negligence effectively rendered plaintiffs' claim for negligent entrustment moot.  "[I]f the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ.R. 54(B) is not required to make the judgment final and appealable." *Gen. Accident Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21 (1989).  *See also Wise v. Gursky*, 66 Ohio St.2d 241, 243 (1981) (stating "a judgment in an action which determines a claim in that action and has the effect of rendering moot all other claims in the action as to all other parties to the action is a final appealable order pursuant to R.C. 2505.02, and Civ.R. 54(B) is not applicable to such a judgment"); *Wiggins v. Safeco Ins. Co.*, 2d Dist. No. 29034, 2021-Ohio-3526, ¶ 19.  As such, the trial court's March 12, 2024 entry granting plaintiffs' motion for summary judgment was a final appealable order.

## IV. Conclusion

{¶ 34} Based on the foregoing, we overrule defendants' sole assignment of error.  Having overruled defendants' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and MENTEL, JJ., concur.

———————————————